Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Axsome Therapeutics, Inc. and*
*Antecip Bioventures II LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC. and ANTECIP BIOVENTURES II LLC,** | Civil Action No. _____ |
| **Plaintiffs,** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **v.** | |
| **TEVA PHARMACEUTICALS, INC.,** | **(Filed Electronically)** |
| **Defendant.** | |

Plaintiffs Axsome Therapeutics, Inc. ("Axsome") and Antecip Bioventures II LLC

("Antecip" and, collectively with Axsome, "Plaintiffs"), by their undersigned attorneys, for their

Complaint against defendant Teva Pharmaceuticals, Inc. ("Teva" or "Defendant"), allege as

follows:

**Nature of the Action**

1.    This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. §100, *et seq.*, arising from the Defendant's filing of its Abbreviated New

Drug Application ("ANDA") No. 218147 ("Teva's ANDA") with the United States Food and

Drug Administration ("FDA") seeking approval to commercially market a generic version of

Plaintiffs' dextromethorphan hydrobromide and bupropion hydrochloride extended-release tablets prior to the expiration of United States Patent Nos. 11,717,518 ("the '518 patent"), 11,730,706 ("the '706 patent"), and 11,752,144 ("the '144 patent") (collectively, "the patents-in-suit"), all owned by Antecip and exclusively licensed to Axsome.

### The Parties

2.    Axsome is a biopharmaceutical company focused on discovering, developing, and commercializing novel therapeutics for central nervous system ("CNS") conditions that have limited treatment options.

3.    Axsome is a corporation existing under the laws of Delaware, having a principal place of business at One World Trade Center, 22nd Floor, New York, NY 10007.

4.    Antecip is a limited liability corporation existing under the laws of Delaware, having a principal place of business at 630 Fifth Avenue, Suite 200, New York, NY 10111.

5.    On information and belief, Teva is a corporation organized and existing under the laws of Delaware, having a principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, New Jersey 07054.

### The Patents-in-Suit

6.    On August 8, 2023, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '518 patent, entitled, "Bupropion Dosage Forms with Reduced Food and Alcohol Dosing Effects."  The face of the '518 patent identifies Dr. Herriot Tabuteau as the inventor.  Antecip is the present assignee of the '518 patent; the assignment is recorded with the USPTO at Reel: 063524, Frame: 0142.  Axsome is the exclusive licensee of the '518 patent.  A copy of the '518 patent is attached hereto as Exhibit A.

7.    On August 22, 2023, the USPTO duly and lawfully issued the '706 patent, entitled, "Treatment of Depression in Certain Patient Populations."  The face of the '706 patent

identifies Dr. Herriot Tabuteau as the inventor.  Antecip is the present assignee of the '706 patent; the assignment is recorded with the USPTO at Reel: 063524, Frame: 0142.  Axsome is the exclusive licensee of the '706 patent.  A copy of the '706 patent is attached hereto as Exhibit B.

8.      On September 12, 2023, the USPTO duly and lawfully issued the '144 patent, entitled, "Compounds and Combinations Thereof for Treating Neurological and Psychiatric Conditions."  The face of the '144 patent identifies Dr. Herriot Tabuteau as the inventor.  Antecip is the present assignee of the '144 patent; the assignment is recorded with the USPTO at Reel: 063524, Frame: 0142.  Axsome is the exclusive licensee of the '144 patent.  A copy of the '144 patent is attached hereto as Exhibit C.

### The Auvelity® Drug Product

9.      Axsome holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for dextromethorphan hydrobromide and bupropion hydrochloride extended-release tablets ("NDA No. 215430"), which is sold under the trade name Auvelity®.  Auvelity® is a combination of dextromethorphan, an uncompetitive *N*-methyl *D*-aspartate ("NMDA") receptor antagonist and sigma-1 receptor agonist, and bupropion, an aminoketone and CYP450 2D6 inhibitor, approved in adult patients for the treatment of major depressive disorder ("MDD").  The claims of the patents-in-suit cover, *inter alia*, methods of using dextromethorphan and bupropion to treat MDD.

10.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Auvelity®.

- 3 -

**Jurisdiction and Venue**

11.     This Court has jurisdiction over the subject matter of Counts I through III against Teva pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12.     As set forth in Paragraphs 13-17 below, the Court has personal jurisdiction over Teva by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

13.     On information and belief, Teva purposefully has conducted and continues to conduct business in this Judicial District.

14.     On information and belief, Teva is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

15.     On information and belief, this Judicial District will be a destination for the generic version of Plaintiffs' dextromethorphan hydrobromide and bupropion hydrochloride extended-release tablets for which Teva seeks FDA approval to manufacture, market, import, offer for sale, and/or sell pursuant to ANDA No. 218147 ("Teva's Proposed Product").

16.     On information and belief, Teva maintains a physical place of business in this Judicial District, in at least Parsippany, New Jersey.  Teva's website states that its "US Headquarters" is located in Parsippany, New Jersey.  *See* https://www.tevausa.com/contact-us/ (last visited, December 14, 2023).  In recent court filings, Teva has admitted that it has a "a principal place of business" in Parsippany, New Jersey.  *See, e.g.*, *Neurocrine Biosci., Inc. v. Teva Pharms., Inc., et al.*, No. 22-cv-965, ECF No. 14 at ¶ 12 (D. Del. Nov. 1, 2022).

17.     On information and belief, Teva is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450614134.

18.     For at least the foregoing reasons set forth above in Paragraphs 13-17 above, venue is proper in this Judicial District with respect to Teva pursuant to 28 U.S.C. § 1400(b).

### Acts Giving Rise To Counts I-III

19.     Pursuant to Section 505 of the FFDCA, Teva filed ANDA No. 218147 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Teva's Proposed Product, before the patents-in-suit expire.

20.     No earlier than February 9, 2023, Teva sent written notice of its first Paragraph IV Certification ("Teva's First Notice Letter") to Axsome.  According to Teva's First Notice Letter, Teva filed an ANDA pursuant to Section 505 of the FFDCA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Teva's Proposed Product before expiration of United States Patent Nos. 10,780,064 (the "'064 patent"), 10,925,842 (the "'842 patent"), 10,940,124 (the "'124 patent"), and 10,966,942 (the "'942 patent").  Teva's First Notice Letter alleged that the claims of '064, '842, '124, and '942 patents are invalid, unenforceable, and/or will not be infringed by the activities described in Teva's ANDA.

21.     No earlier than November 2, 2023, Teva sent written notice of its second Paragraph IV Certification ("Teva's Second Notice Letter") to Axsome.  According to Teva's Second Notice Letter, Teva seeks approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Teva's Proposed Product before expiration of the '518, '706, and '144 patents.  Teva's Second Notice Letter alleged that the

claims of the '518, '706, and '144 patents are invalid, unenforceable, and/or will not be infringed by the activities described in Teva's ANDA.

22.     On information and belief, in connection with the filing of its ANDA as described above, Teva provided written certifications to the FDA, as called for by Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Teva's Paragraph IV Certifications"), alleging that the claims of the '064, '842, '124, '942, '518, '706, and '144 patents are invalid, unenforceable, and/or will not be infringed by the activities described in Teva's ANDA.

23.     On information and belief, following FDA approval of Teva's ANDA, unless enjoined by the Court, Teva will make, use, offer to sell, or sell Teva's Proposed Product throughout the United States, or import such a generic product into the United States.

## Count I: Infringement of the '518 Patent by Teva

24.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

25.     Teva's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Teva's Proposed Product, prior to the expiration of the '518 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claims 1 and 4.

26.     A justiciable controversy exists between the parties hereto as to the infringement of the '518 patent.

27.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will infringe one or more claims of the '518 patent under 35 U.S.C. § 271(a), including at least claims 1 and 4, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.

28. Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will induce infringement of one or more claims of the '518 patent under 35 U.S.C. § 271(b), including at least claims 1 and 4, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.  On information and belief, upon FDA approval of Teva's ANDA, Teva will intentionally encourage acts of direct infringement with knowledge of the '518 patent and knowledge that its acts are encouraging infringement.

29. Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will contributorily infringe one or more claims of the '518 patent under 35 U.S.C. § 271(c), including at least claims 1 and 4, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.  On information and belief, Teva knew and knows that Teva's Proposed Product is designed for a use that infringes one or more claims of the '518 patent, and Teva's Proposed Product lacks a substantial non-infringing use.

30. Failure to enjoin Teva's infringement of the '518 patent will substantially and irreparably damage Plaintiffs.

31. Plaintiffs do not have an adequate remedy at law.

### Count II: Infringement of the '706 Patent by Teva

32. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

33. Teva's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Teva's Proposed Product, prior to the expiration of the '706 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claims 1 and 9.

34.     A justiciable controversy exists between the parties hereto as to the infringement of the '706 patent.

35.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will infringe one or more claims of the '706 patent under 35 U.S.C. § 271(a), including at least claims 1 and 9, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.

36.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will induce infringement of one or more claims of the '706 patent under 35 U.S.C. § 271(b), including at least claims 1 and 9, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.  On information and belief, upon FDA approval of Teva's ANDA, Teva will intentionally encourage acts of direct infringement with knowledge of the '706 patent and knowledge that its acts are encouraging infringement.

37.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will contributorily infringe one or more claims of the '706 patent under 35 U.S.C. § 271(c), including at least claims 1 and 9, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.  On information and belief, Teva knew and knows that Teva's Proposed Product is designed for a use that infringes one or more claims of the '706 patent, and Teva's Proposed Product lacks a substantial non-infringing use.

38.     Failure to enjoin Teva's infringement of the '706 patent will substantially and irreparably damage Plaintiffs.

39.     Plaintiffs do not have an adequate remedy at law.

**Count III: Infringement of the '144 Patent by Teva**

40.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

41.     Teva's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Teva's Proposed Product, prior to the expiration of the '144 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

42.     A justiciable controversy exists between the parties hereto as to the infringement of the '144 patent.

43.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will infringe one or more claims of the '144 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.

44.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will induce infringement of one or more claims of the '144 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.  On information and belief, upon FDA approval of Teva's ANDA, Teva will intentionally encourage acts of direct infringement with knowledge of the '144 patent and knowledge that its acts are encouraging infringement.

45.     Unless enjoined by this Court, upon FDA approval of Teva's ANDA, Teva will contributorily infringe one or more claims of the '144 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Teva's Proposed Product in the United States.  On information and belief, Teva knew and knows that Teva's

Proposed Product is designed for a use that infringes one or more claims of the '144 patent, and

Teva's Proposed Product lacks a substantial non-infringing use.

46.     Failure to enjoin Teva's infringement of the '144 patent will substantially and

irreparably damage Plaintiffs.

47.     Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     A Judgment that Teva infringed one or more claims of each of the patents-in-suit

by submitting ANDA No. 218147;

(B)     A Judgment that Teva has infringed, and that Teva's making, using, offering to

sell, selling, or importing Teva's Proposed Product will infringe one or more claims of each of

the patents-in-suit;

(C)     An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA

approval of ANDA No. 218147 be a date no earlier than the later of the expiration of each of the

patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

(D)     Preliminary and permanent injunctions enjoining Teva and its officers, agents,

attorneys, and employees, and those acting in privity or concert with them, from making, using,

offering to sell, selling, or importing Teva's Proposed Product until after the expiration of each

of the patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become

entitled;

(E)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and

enjoining Teva, its officers, agents, attorneys, and employees, and those acting in privity or

concert with them, from practicing any method claimed in the patents-in-suit, or from actively

inducing or contributing to the infringement of any claim of the patents-in-suit, until after the

expiration of each such patent-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

(F)     A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Teva's Proposed Product will directly infringe, induce and/or contribute to infringement of one or more claims of each of the patents-in-suit;

(G)     To the extent that Teva has committed any acts with respect to the methods claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiffs damages for such acts;

(H)     If Teva engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Teva's Proposed Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

(I)     A Judgment declaring that each of the patents-in-suit remains valid and enforceable;

(J)     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees, costs, and expenses incurred in this action; and

(K)     Such further and other relief as this Court may deem just and proper.

Dated:  December 15, 2023

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    Sarah A. Sullivan

_Of Counsel_:
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520

F. Dominic Cerrito
    Newark, New Jersey  07102-5426

Eric C. Stops
    (973) 286-6700

Evangeline Shih
    clizza@saul.com

Catherine T. Mattes

Daniel C. Wiesner

Geoffrey A. Kirsner
    _Attorneys for Plaintiffs_

QUINN EMANUEL URQUHART & SULLIVAN, LLP
    _Axsome Therapeutics, Inc. and_

51 Madison Avenue, 22nd Floor
    _Antecip Bioventures II LLC_

New York, New York  10010

(212) 849-7000

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter in controversy is related to *Axsome Therapeutics, Inc., et al. v. Teva Pharmaceuticals, Inc.*, Civil Action No. 23-1695 (MEF)(LDW) because the matter in controversy involves the same parties, and Teva is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  December 15, 2023

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    Sarah A. Sullivan
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey  07102-5426
    (973) 286-6700
    clizza@saul.com

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Catherine T. Mattes
Daniel C. Wiesner
Geoffrey A. Kirsner
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

*Attorneys for Plaintiffs*
*Axsome Therapeutics, Inc. and*
*Antecip Bioventures II LLC*